## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **SAVANNA CURRY,** | § § § |
| Plaintiff, | §  Civil Action No.: § § |
| v. | § § |
| **AMERICAN INTERCONTINENTAL UNIVERSITY, INC.,** | §  JURY TRIAL DEMANDED § § § § |
| Defendant. | § |

## COMPLAINT

SAVANNA CURRY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against AMERICAN INTERCONTINENTAL UNIVERSITY, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendants conduct business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in San Antonio, Texas 78240.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its headquarters located at 231 N Martingale Road, Schaumburg, IL 60173.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in June 2016, Defendant called Plaintiff on her cellular telephone, on average, multiple times per day.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system, as well as, automatic and/or pre-recorded messages.

14. Defendant's automated calls would begin with a noticeable delay before the calls would be transferred to live agents.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Plaintiff spoke with Defendant in June 2016 and requested that their calls stop immediately.

17. Defendant heard and acknowledged Plaintiff's request by responding, "Ok."

18. Once Defendant was aware that its calls were unwanted, its continued calls could have served no purpose besides harassment.

19. Defendant ignored Plaintiff's requests to stop calling and has continued to call Plaintiff multiple times per day.

20. Plaintiff took measures to block Defendant's calls by downloading a blocking application.

21. Upon information and belief, defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

# DEFENDANT VIOLATED THE
# <u>TELEPHONE CONSUMER PROTECTION ACT</u>

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff, after June 2016, were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, SAVANNA CURRY, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SAVANNA CURRY, demands a jury trial in this case.

                                         Respectfully submitted,

Dated: August 19, 2016          By: /s/ Amy L. Bennecoff Ginsburg
                                                  Amy L. Bennecoff Ginsburg, Esq.
                                                  Kimmel & Silverman, P.C.
                                                  30 East Butler Pike
                                                  Ambler, Pennsylvania 19002
                                                  Phone: (215) 540-8888
                                                  Facsimile (877) 788-2864
                                                  Email: aginsburg@creditlaw.com